COMMONWEALTH *vs.* MILLAGE S. ACKER.

Essex.   November 14, 1907. — January 1, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Parent and Child.   Statute.*

An alien who has a domicil in this Commonwealth, and whose wife, also an alien, is living apart from him in this Commonwealth, can be convicted on a complaint under St. 1906, c. 501, for neglecting to provide for the support of his minor child, although the child never has been in this Commonwealth and was abandoned by the defendant in a foreign country seven years before the complaint.

Whether, on a complaint under St. 1906, c. 501, for neglecting to provide for the support of a wife or a minor child, the domicil of the defendant as distinguished from a temporary residence is material, it here was not necessary to consider, because the facts warranted a finding that the defendant had a domicil in the city of this Commonwealth to the police court of which the complaint was made under § 5 of the statute.

COMPLAINT, received and sworn to on May 25, 1907, in the Lynn Police Court under St. 1906, c. 501, charging the defendant with failing to provide for the support of his minor child Percy W. Acker.

At the trial in the Superior Court the case was presented to *Bell*, J., upon an agreed statement of facts, the substance of which is stated in the opinion.

The defendant asked the judge to rule, first, that the court had no jurisdiction and, second, that on the agreed statement of

facts the defendant was entitled to an acquittal on the ground that the child was not and never had been a resident of this Commonwealth or of this country.

The judge refused to make either of these rulings, and instructed the jury that on the agreed statement of facts the defendant could be convicted of a violation of the statute. The jury returned a verdict of guilty; and the defendant alleged exceptions.

The case was submitted on briefs.

*F. Keezer & E. M. Shanley*, for the defendant.

*W. S. Peters*, District Attorney, & *H. C. Attwill*, Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J. The complaint on which the defendant was convicted charged that at Lynn, in the county of Essex, he, " being of sufficient ability, did unreasonably neglect to provide for the support of his minor child Percy W. Acker." The defendant was then living in Lynn, and his wife was living apart from him in this Commonwealth. They were both subjects of Great Britain, having formerly lived in Nova Scotia, where they separated more than seven years ago. Their child Percy W. Acker was born there, and has never been in this Commonwealth. The defendant was neglecting to provide for the support of this child when the complaint was made, and he has made no provision for him at any time within the last seven years, since the abandonment of him in Nova Scotia. The defence relied upon grows out of the foregoing facts as to residence and citizenship.

The case comes within the express terms of the St. 1906, c. 501. That statute prescribes punishment for the offence of unreasonably neglecting to provide for the support of one's wife or minor child, as well as for the abandonment of either of them without adequate support, and it expressly provides that the complaint may be made to the court of the district in which the husband and wife, or either of them, are living, or in which they last lived together.

The defendant's contention is, in substance, that the nature of the offence is such that it cannot be committed if the minor child is an alien whose place of abode is not in the Commonwealth.

While one of the objects of the statute is doubtless to prevent

wives and children from becoming a charge upon the public for their support, this is not its chief object. The higher and more important purpose of the Legislature in passing the law was to provide directly for neglected wives and children, and to punish the infliction of this kind of wrong upon them, and, by the fear of punishment, to deter husbands and fathers from leaving their families to endure privation. There is nothing either in the words or the object of the statute that should limit its application to cases where the neglected person happens to be in this Commonwealth at the time of the neglect, or at the time of the prosecution for it. A person domiciled in this Commonwealth is amenable to the statute, whether his minor child is here when the wrong upon him is committed, or has been carried out of the Commonwealth by his father, or has been left by him in another State or country, if, while residing and having his domicile here, he unreasonably neglects to provide for the child. The offender is here, within our jurisdiction. While residing here he ought to make provision for the support of his wife and minor children, whether they are here or elsewhere. If he fails to do this, his neglect of duty occurs here, without reference to a place where the proper performance of his duty would confer benefits.

If the domicil of the defendant, as distinguished from a temporary residence, is important under § 5 of the statute, which we do not decide, the facts agreed well warranted a finding that his domicil was in Lynn, notwithstanding that he was an alien. *Harvard College* v. *Gore*, 5 Pick. 369, 377. *Olivieri* v. *Atkinson*, 168 Mass. 28, 31. *Wilbraham* v. *Ludlow*, 99 Mass. 587. *Viles* v. *Waltham*, 157 Mass. 542. *McConnell* v. *Kelley*, 138 Mass. 372.

*Exceptions overruled.*