IN RE GEORGE E. ALEXANDER.

*(March* 10, 1944.)

RODNEY and SPEAKMAN, J. J., sitting.

*Victor Colombo* for petitioner.

*Vincent E. Theisen,* Deputy Attorney-General, for State.

Superior Court for New Castle County, No. 4, January Term, 1944.

Rodney, J., delivering the opinion of the Court:

The petitioner has presented questions concerning matters of both law and of fact, but we prefer to consider the legal question first, viz., whether the Courts of Delaware have or had jurisdiction over him in the matter of the failure to support his wife and child. Desertion and non-

support are uniformly considered criminal or quasi criminal in character. Of course it is the general rule that the prosecution of a criminal case should be had in that place where the offense was committed. Desertion and non-support are often treated conjunctively, and to the failure to make any distinction between them may be traced much of the confusion in the cases. Often they exist together, but they may be separated, and one may exist and the other not. One may be an overt act and the other an omission of a duty, and they may or may not be subject to the same rule as to continuing offenses. In the present case we are concerned solely with a wilful neglect to provide for the support and maintenance of a wife and child in necessitous circumstances. This offense is negative in its character and consists of an omission of a duty enjoined by law, and often a difficult question is presented as to where the omission to fulfill that duty arises. Because the offense is purely statutory in origin consideration must be given to the exact language of the statute and the policy of the State as indicated by the legislative Acts.

Somewhat similar statutes in the different States have followed at least four distinct patterns, (1) Some statutes have been purely criminal in nature, intended to punish the wrong committed by the desertion and failure to support, and to deter husbands from abandoning their families; (2) some statutes have had as their apparent object the prevention of the wife and children from becoming a charge upon the community; (3) other statutes have had as their main object the specific recovery to the wife and children that support to which they may be entitled, and with the criminal enforcement provisions directed solely to that object, and finally (4) some statutes have combined two or more of these objectives. The foregoing order has been deliberately adopted by us for such seems to have been the consecutive legislative pattern in Delaware.

The first Delaware Act concerning desertion and non-

support was passed April 11, 1887, being the first Section of *Chapter* 229, *Vol.* 18, *Laws of Delaware,* entitled "An Act for the prevention of cruelty to children, and for other purposes." The first section provided:

"Any husband who wilfully neglects to provide for the support and maintenance of his wife or his minor children dependent upon him for support, or shall wilfully desert the same, or any of them, shall be guilty of a misdemeanor, and upon conviction thereof before any court of record or justice of the peace shall be fined not less than ten dollars, or more than one hundred dollars for each and every offence."

By none of its provisions did this Act purport to be for the purpose of compelling actual support. The Act was strictly criminal in character and seems to fall within the first classification as listed above.

At the same legislative session, and two days thereafter, another Act was passed on April 13, 1887, being *Chapter* 230, *Vol.* 18, *Laws of Delaware,* which provided:

"That if any husband or father being within the limits of the State of Delaware, shall separate himself from his wife or from his children, or from wife and children, without reasonable cause, or shall neglect to maintain his wife or children" [he should be arrested and bound]

"to appear at the next session of the Court of General Sessions of the Peace and Jail Delivery * * * there to answer the said charge of desertion * * *," and by Section 2 thereof it was provided that

"It shall be lawful for said court after hearing to order the person against whom complaint has been made, being of sufficient ability to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both, not exceeding one hundred dollars per month; and shall also require him

to give security by one or more securities to the State of Delaware in such sum as to the said court may seem proper for compliance therewith. Upon failure to comply with the order of the court in the premises, he shall be committed to the county jail, there to remain until such order is complied with or he be discharged by order of the court * * *."

This Act was construed in *State v. McCullough,* 1 *Penn.* (17 *Del.*) 274, 40 A. 237, 238, and seems to fall in Class 3 as above listed.

The Court said:

"This is not, strictly speaking, a criminal proceeding. The judgment against the husband is not as punishment for anything he has done, but a mode of enforcing in the future his duty to support his wife. The order is for the payment of money, and the mode of enforcing it is the giving security, and being committed to jail until the order is complied with or a discharge by the court."

In the cited case the Court said:

"It is not material that the marriage or desertion should have taken place in this state. It is sufficient that the husband is in this state, and that he, without reasonable cause, neglects to maintain his wife."

It will be noted that in the cited case, and as claimed by the petitioner in the present case, the desertion and original failure to support took place outside of this State; that the husband removed into this State and that the wife came into this State to recover that support to which she was entitled. The right to this support was sustained by the Court.

The third Act is the one involved in the present case, and was approved February 24, 1913, being *Chapter* 262, *Vol.* 27, *Laws of Delaware.* It appeared as *Art.* 1, *Chapter* 87, both in the *Code* of 1915 and in the present *Code* of 1935. *Sections* 2, 3, 4, 5, 8, 9, 11 & 13, as they appear in *Art.* 1,

*Chapter* 87, appeared with some modifications in the Uniform Desertion and Non-support Act adopted as such by the National Commissioners on August 26, 1910, as appearing in Terry's Uniform Laws Annotated, page 360, and in 10 Uniform Laws Annotated. In general terms the Act provides that any husband who shall, without just cause, desert or wilfully neglect to provide for the support and maintenance of his wife in destitute or necessitous circumstances, or any parent who shall, without lawful excuse, desert or wilfully neglect or refuse to provide for the support and maintenance of his child or children under the age of sixteen years, shall be guilty of a misdemeanor and shall be punished with a fine not exceeding $500 or imprisonment not exceeding one year, or both. Instead of the foregoing penalty the Court is given the discretion to impose an order upon the defendant for the support of his wife or children.

This statute was considered by the Supreme Court of Delaware, in *Donaghy v. State,* 6 *Boyce* (29 *Del.*) 467, at page 501, 100 A. 696, at page 711, where the Court said the purpose was evident as not only providing a punishment for dereliction of a duty of a parent but also a means of enforcing the continuing liability to provide support; its object was not only to protect the State against the effects of pauperism, but also to actually secure to the wife or child money for food, raiment and shelter. The Supreme Court has thus placed the present case in Class 4 as above outlined, and as including all the listed objectives of the various Acts.

The contention of the defendant is expressed in 8 *R. C. L.,* p. 310 "Criminal Law," § 336:

"Such an offense as desertion or failure to provide for a wife or children is however, negative, the omission of a duty and therefore venue depends on the question where the omission to perform that duty occurs; and where the husband abandons his family and they become destitute he owes the duty of support at the place of their residence and no-

468

where else; accordingly it is usually held that the breach of duty occurs there and the venue should be laid there. Likewise where he sends his wife or child to another jurisdiction he may be indicted and tried for the offense in the jurisdiction where the wife or child becomes dependent regardless of his own residence for that is the place where the duty of support should be discharged and consequently the place where the offense of failure to support is committed."

█ Even assuming the correctness of this doctrine where the statute is solely or primarily for the protection of the public and to keep the destitute wife and children from becoming a charge upon the community in which they were deserted, yet, having in mind some distinction between a desertion and a future duty to support, some questions must arise. Suppose the original desertion took place in Pennsylvania and the husband moved to Delaware. Suppose the wife, having been deserted in Pennsylvania, and with no established home, was compelled by necessity to return then to her family, or take up her residence in New Jersey or Maryland. Where, then, would be the duty of support? Could the mere fact that the original desertion had occurred in Pennsylvania clothe the Courts of that State with the exclusive jurisdiction where all parties had ceased to be domiciled there if the object of the statute is to prevent the wife or children from becoming a charge on the community? It would seem that the duty of future support, being a continuing one, must be found in the residence of the husband or the residence of the wife, and not in that place where the original desertion occurred. Ordinarily, and in the absence of a statute or extraordinary circumstances, the right or duty of establishing a domestic domicile is cast upon the husband. It would seem that domestic duties and liabilities such as future support should follow also. As between the separate domiciles of the husband and wife, and especially if both be different from the matrimonial domicile where the original desertion occurred, it would seem that matrimonial du-

ties such as support should be enforceable in that place where the person responsible for those duties was located.

If the right to future support should follow the wife then it would become entirely ambulatory in character, and the offense would exist wherever she, from time to time, would move, and the husband be guilty in many places where he had never been or never deserted his wife or family. No case that we have seen so holds. Of course we do not speak of instances where a husband had sent his wife to a particular place and there established the domicile.

Following the quotation from 8 *R. C. L.*, as above recited, there is also noted:

"The general rule as to venue, just stated may, however, be affected by the statute and also by the application of the theory that the object of the Statutes prescribing punishment for such offenses is not only to prevent the wife or children from becoming a public burden but also to punish the wrong, as such, and to deter husbands from abandoning their families. Thus where the principal object of a statute against non-support is to provide directly for neglected wives and children it has been held that the particular location of the neglected person is not material, but the crime is committed by the father at the place where he is living for if he fails to support the wife or children his neglect of duty occurs where he is domiciled, without reference to a place where the proper performance of the duty would confer benefits."

This quotation has particular application when we look again at our statute, as construed in the Donaghy case. There it was held that our statute specifically covered each of the purposes as mentioned above. Having in mind the purposes of the statute, we are of the opinion that the duty of a husband and father to support a necessitous wife and child is a continuing one which duty accompanies him wherever he

may go, and that when he comes into this State and becomes amenable to our laws he is accompanied by these same duties which exist while he is in this State.

Many well reasoned cases fully sustain these views. In *State v. McCullough,* 1 *Penn.* (17 *Del.*) 274, 40 A. 237, it was held sufficient that the husband be in the state, regardless of the residence of the wife or child, or where the original desertion took place. In *Com. v. Acker,* 197 *Mass.* 91, 83 *N. E.* 312, 125 *Am. St. Rep.* 328, a father in Massachusetts was held liable for the support of a minor child who had never been within that state. In *State v. Borum,* 188 *La.* 846, 178 *So.* 371, a father in Louisiana was held liable for the support of a child domiciled elsewhere. In *Smith v. State,* 156 *Tenn.* 599, 4 *S. W.* 2d 351, it was held that when a father charged with the duty of support in another jurisdiction moves into Tennessee he comes charged with the same duty and enforceable there, though the child continues domiciled elsewhere. See also *Annotation in* 47 *L. R. A.* (*N. S.*) 222.

To the foregoing may be added a long line of cases in Pennsylvania holding that a husband or father in Pennsylvania may be ordered to support a wife or children notwithstanding the desertion had not occurred in Pennsylvania, and the wife or children lived elsewhere. These cases were under a statute requiring a husband or father "being within the limits of this Commonwealth" to support his wife or child. *Com. v. Husinka,* 127 *Pa. Super.* 360, 193 A. 380; *Com. v. Sanders,* 111 *Pa. Super.* 202, 169 A. 470, and cases there cited.

Indeed few, if any, cases can be found in direct conflict with the stated views. There have been a few cases holding that proceedings must be had in the State where the original desertion took place. Most of these will be found to involve desertion or abandonment alone, as distinguished from a failure of future support, or where the two matters are so

blended conjunctively as to make one offense. See *State v. Weber*, 48 *Mo. App.* 500; *People v. Flury*, 173 *Ill. App.* 640.

There has been a great mass of conflicting opinions concerning desertion and non-support, to which some order may be brought by a division of cases according to the factual bases upon which they were decided. Most of these cases will be found to have considered questions of venue rather than jurisdiction. In most of them the desertion had taken place in the same State in which the prosecution was had, and the question was not whether the laws of the State had been violated or the Courts of the State had jurisdiction of the violation, but rather the question of venue, so as to determine in which of two counties of the State the trial should be had.

So it has been held (1) that where the desertion had taken place in the same State in which the prosecution was had, and the wife had remained in that county, that prosecution was properly had there. *State v. Dvoracek*, 140 *Iowa* 266, 118 *N. W.* 399; (2) that, under the same circumstances prosecution was not proper in the county to which the husband had removed. *People v. Hennefent*, 315 *Ill. App.* 141, 42 *N. E.* 2d 633; (3) that, under the same circumstances, prosecution was not proper in a county to which the wife had removed, which was neither the county where the desertion took place nor the county of defendant's residence. *Caylor v. State*, 219 *Ala.* 12, 121 *So.* 12; *State v. Justus*, 85 *Minn.* 114, 88 *N. W.* 415; (4) that, under the same circumstances, prosecution was proper in a county to which the husband had sent his wife, but which was neither the county of defendant's residence nor the county where the desertion had taken place. *Hatch v. State*, 76 *Tex. Cr. R.* 423, 174 *S. W.* 1062; *Johnson v. People*, 66 *Ill. App.* 103.

The petitioner relies especially upon *Sweetman v. State*, 4 *W. W. Harr.* (34 *Del.*) 329, 152 A. 588. That case did consider one section of the Act now under discussion

and because we do not view that case as applicable to the present discussion, and also because the State, under our law, is not able to obtain a review in such cases, so our discussion of the cited case must be somewhat extended. In the cited case the sole statutory section considered is what is now *Section* 3535, *Revised Code of* 1935. This section formed no part of the Uniform Act as approved by the Commissioners, but similar provisions do exist in a few states. The section provides:

"An offense under Sections 2 to 14, inclusive, of this Chapter [desertion or non-support] shall be held to have been committed in any County in which such wife, child or children may be at the time such complaint is made. It shall be the duty of the State, in any case in which application is properly made by the officers responsible for the execution of the law, to provide the funds necessary for the extraditing of any person charged with an offense under said sections who has gone to another state."

We think the cited section (3535) was not intended as determining the jurisdiction of the Courts of Delaware as contrasted with the jurisdiction of another State, by reason of the non-residence of the party seeking support, as was the situation in the Sweetman case, and which is claimed to be the case in the present proceeding. We think Section 3535 was intended solely as an intra-state venue determination applicable only to those matters of venue of a local nature. Under these circumstances, and because we think the section inapplicable to the present controversy, so it is not incumbent on the Court to determine the exact meaning or validity of portions of the section. If, by the use of the words "shall be held to have been committed" there shall be intended a legislative fiat as to the judicial opinion to be rendered by the Court, then it may be subject to certain objections. If the statute allows an offense to take on an ambulatory nature and decrees it to have been committed in any

county the wife may select, which may be neither the county of her own nor of her husband's residence, then it may possibly be subject to other objections. Because we think the quoted section (3535) has no application to the present matter, and because *Sweetman v. State* was clearly and solely based on Section 3535, so we think *Sweetman v. State* not persuasive in the present difficulty.

We think our Act is, of course, applicable to a desertion and failure to support where such acts were committed in this State and the parties live here.

■ Because one of the objectives of our Act is the punishment of the criminal or quasi criminal wrong committed by the failure to support, and to deter husbands from leaving their families destitute, so we think a husband living in this State and subject to our laws, is liable in the jurisdiction in which he lives, regardless as to where the original desertion took place.

For the same reasons, and because a desertion of a necessitous wife or child is a specific offense, so because of the exact statutory language a husband deserting his necessitous family in this State and going into another State may on his return, by extradition or otherwise, be amenable to our laws for the abandonment in this State.

In view of our conclusion it may not be necessary to determine the question of fact as to whether the legal residence of the wife, as well as the husband, was in Delaware at the time the complaint was made. There is much in the evidence that would warrant this conclusion.

The petition for the discharge of the prisoner is denied.