Keene Municipal Court,
No. 4682.

STATE *v.* DOMINGO ECHAVARRIA.

Argued November 5, 1958.

Decided November 28, 1958.

*Ernest L. Bell III*, city solicitor (by brief and orally), for the State.

*Kenneth J. Arwe* and *John M. Reynolds* (*Mr. Reynolds* orally), for the defendant.

WHEELER, J. The sole question presented is whether the defendant, a resident of this state, may be prosecuted in this state for neglect to support his wife who is a nonresident.

The statute in question RSA 460:23 (supp.) provides: "If any husband or father shall neglect to maintain his wife or children when such wife or children are dependent upon his earnings for support, or neglects his employment or misspends his earnings so as not to provide for the support of his wife or children, he shall be imprisoned not more than one year, and fined not more than one hundred dollars, or both; such fine, if any, to be paid or applied in whole or in part to the support of the wife or children as the court may direct."

The statute, while penal in form, provides that any fine shall be applied "in whole or in part" to the support of the family "as the court may direct." There is nothing in the wording of the statute that limits its application to the neglected person who happens to be in this state at the time of such neglect to support. In determining jurisdiction some confusion exists between situations where the charge may be abandonment of the wife or children on the one hand and the offense of nonsupport on the other. It is the general rule that jurisdiction is in the courts of the place in which the offense was committed; but it is also generally held that nonsupport is a continuing offense which can occur at the place where the wife or children live, at the father's residence or at both. On the other hand abandonment or desertion, as distinguished from nonsupport, is a single occurrence which generally occurs at one definite place. See anno. 44 A. L. R. (2d) 887, 892; 22 C. J. S., Criminal Law, s. 136(b).

"The offender is here, within our jurisdiction. While residing here he ought to make provision for the support of his wife and minor children, whether they are here or elsewhere. If he fails to do this, his neglect of duty occurs here, without reference to a place where the proper performance of his duty would confer benefits." *Commonwealth* v. *Acker*, 197 Mass. 91, 93; see *In re Alexander*, 42 Del. 461, 469. The Keene municipal court has jurisdiction. *Cf. State* v. *Tetreault*, 97 N. H. 260.

*Remanded.*

All concurred.