COMMONWEALTH *vs.* HARRY SHAMAN.

Suffolk.   January 10, 1916. — February 29, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Non-support.  Husband and Wife.  Judgment.*

It is no defence to a complaint under St. 1911, c. 456, § 1, for refusing to provide
for the support and maintenance of the complainant as the defendant's wife,
that the defendant was induced to marry the complainant by her false represen-
tations that she was chaste.

A decree dismissing a libel by a husband under R. L. c. 151, § 11, for annulling his
marriage establishes the status of husband and wife and cannot be attacked
collaterally by the husband in his attempted defence to a complaint against him
under St. 1911, c. 456, § 1, for refusing to provide for the support of his wife.

BRALEY, J.   The St. of 1911, c. 456, § 1, for the violation of which
the defendant has been convicted, provides, that "any husband
who unreasonably neglects or refuses to. provide for the support
and maintenance of his wife or minor child or children . . . shall
be guilty of a crime, and on conviction thereof shall be punished
by a fine not exceeding two hundred dollars, or by imprison-
ment for not more than one year, or by both such fine and
imprisonment."

The defendant contends, the conviction should be reversed be-
cause his offer of proof, that he was induced to marry the com-
plainant through her false representations that she was chaste,
was erroneously excluded.   But, having been content to take her
word, the defendant made no preliminary investigation, and her
mere antenuptial unchastity furnished no ground for annulment
of the marriage, which was valid, even if the parties have never
lived together as husband and wife.   *Reynolds* v. *Reynolds*, 3
Allen, 605, 608.   *Franklin* v. *Franklin*, 154 Mass. 515.

The decree moreover dismissing the defendant's libel for annull-
ing the marriage brought under R. L. c. 151, § 11,* established the

---

* The defendant as a part of his offer of proof, offered the following memo-
randum filed by the judge who made the decree dismissing the libel for annull-
ing the marriage: "Before the marriage contract between the parties was

status of husband and wife and cannot be attacked collaterally. *Coe* v. *Hill,* 201 Mass. 15. *Weld* v. *Clarke,* 209 Mass. 9, 12.

The judge * therefore correctly ruled, that only evidence of her conduct since the marriage was admissible in justification of the defendant's failure to support the complainant.

*Exceptions overruled.*

The case was submitted on briefs.

*J. S. Spencer & N. Golden,* for the defendant.

*A. C. Webber,* Assistant District Attorney, for the Commonwealth.

---

entered into the libellee represented herself as chaste. In truth she was unchaste and had borne an illegitimate child which died before she became acquainted with the libellant. A marriage ceremony was performed between the parties by a justice of the peace. The libellant knew that this ceremony was valid and was under no apprehension or mistake concerning it. It was intended, however, that a religious ceremony according to the rites of their faith should be performed later. Before the observance of that ceremony the libellant discovered the unchastity of the libellee and brought this libel. He has never had sexual intercourse with the libellee. I rule that the libel cannot be maintained."

   * *Callahan, J.*