MIKE FLANNAGAN, Plaintiff, v. GEORGE JEPSON, Judge, et al., Defendants.

CONSTITUTIONAL LAW:  Involuntary Servitude—Enforced Labor
1    as Punishment for Contempt.  "Involuntary servitude"—that is, enforced labor—may not be imposed *except for crime.*  Art. 1, Sec. 23, Constitution of Iowa.  It follows that Section 2407, Code Supplemental Supplement, 1915, is unconstitutional, in so far as it authorizes commitments to the penitentiary at hard labor as a punishment for contempt in violating intoxicating liquor injunctions, *contempt not being a crime.*  (See Section 2461-m, Code Supplemental Supplement, 1915.)

PRESTON, J., dissents.

CONTEMPT:  Nature and Elements—Crime and· Contempt Contrasted.  A contempt is not a crime, though partaking of the nature thereof.

CONSTITUTIONAL LAW:  Infamous Punishment — Jury Trial —
3    Contempt in Violating Injunction.  "Infamous punishment"—

for instance, punishment at hard labor in the penitentiary—may be constitutionally imposed *only as a punishment for crime* of which the accused has been duly convicted, under indictment or information, either by, or with opportunity for, a jury. Therefore, Section 2407, Code Supplemental Supplement, 1915, is unconstitutional, in so far as it authorizes commitments to the penitentiary as punishment for contempt in violating intoxicating liquor injunctions. (See Sections 10 and 11, Article 1, Constitution of Iowa.)

Preston, J., dissents.

**STATUTES:   Constitutionality—Valid and Invalid Provisions Intermingling—Effect.** An unconstitutional provision in an act invalidates the entire act, when the valid and invalid provisions are so intimately connected that it is manifest that the legislature would not have enacted one provision without the other. So held as to an act to enhance the severity of the punishment for violating intoxicating liquor injunctions. (See Section 2407, Code Supplemental Supplement, 1915.)

Preston, J., dissents.

**STATUTES:   Amendment — Unconstitutional  Amendment — Effect.** An unconstitutional amendment to a valid legislative act leaves the former act the same as though no attempt had been made to amend.

*Certiorari to Woodbury District Court.*—George Jepson, Judge.

Friday, July 7, 1916.

Original proceeding in certiorari to test the validity of the judgment of the district court in committing the plaintiff therein to the penitentiary for one year at hard labor, upon proof of the violation of the decree heretofore rendered, enjoining plaintiff from maintaining a liquor nuisance.— *Annulled.*

*Geo. G. Yeaman* and *Oliver, Harding & Oliver,* for plaintiff.

*John F. Joseph,* for defendants.

WEAVER, J.—A decree was entered in November, 1911, enjoining the plaintiff herein from maintaining a liquor nuisance.   In December, 1914, an information was filed accusing him of violating the terms of said decree, and after hearing he was found guilty and punished for contempt.   Thereafter, in October, 1915, a second information accusing him of violating the said decree was filed and a trial had and the defendant found guilty.   The judgment previously referred to was introduced in evidence, and the defendant sentenced to serve a period of one year in the penitentiary at Fort Madison at hard labor.   This sentence was in pursuance of Section 2461-m of the Supplemental Supplement to the Code, 1915, which provides that a person who, after one conviction upon a criminal charge for violation of the liquor law, shall be again indicted, tried and convicted for a subsequent offense against the same statute, shall be classed as a persistent violator and be imprisoned in the state penitentiary or reformatory for not more than one year; and Section 2407 thereof, which provides that a person who has once been found guilty of contempt for violating a liquor injunction shall, for each subsequent violation, be punished by a fine of not less than $500 or more than $1,000, or by imprisonment in the state penitentiary or state reformatory at hard labor for not more than one year.   In other words, when these enactments are read in the light of the repeated holdings of this court that contempt is not a crime, and that punishment imposed and suffered for contempt in no manner relieves a party from his liability to prosecution and punishment under an indictment for the same act, it follows that this defendant, having once been convicted and once enjoined, may, upon a second conviction, be committed to the penitentiary at hard labor for one year, and, having served his time, may emerge from prison to be met at the door by the sheriff armed with a writ for his arrest for contempt, and upon order of the court, without trial by jury, be condemned to return to the penitentiary for another full year at hard labor.

The objections raised by the petitioner direct our attention to the following provisions of the Constitution of Iowa:

"Article 1, Section 10.   In all criminal prosecutions, and in cases involving the life or liberty of an individual, the accused shall have a right to a speedy and public trial by an impartial jury."

"Article 1, Section 23.   There shall be no slavery in this state; nor shall there be involuntary servitude, unless for the punishment of crime."

The petitioner also invokes the protection of the provision found in both the Constitution of the state and the Constitution of the United States, providing that excessive fines shall not be imposed and cruel and inhuman punishments shall not be inflicted.   (Constitution of Iowa, Article 1, Section 17; Constitution of the United States, 8th Amendment; also the 13th Amendment to the Constitution of the United States.) Defendant contends that the right to invoke the protection of the provision of the Constitution of the United States prohibiting involuntary servitude, except for crimes of which the person has been duly convicted, and the similar provision of our state Constitution, has been decided by us adversely to the petitioner's claims, but this is clearly beside the mark; as will be seen by reference to *Martin v. Blattner,* 68 Iowa 286. The question here raised was neither considered nor decided in that case.   The defendant, Blattner, had been enjoined, and appealed from the decree rendered against him.   Among other defenses argued by him was that the statute providing for an injunction was void because it provided a penalty of jail imprisonment, and was, therefore, in conflict with the constitutional prohibition of involuntary servitude.   In overruling the point, the court well said:

"It is impossible to discover reasons for holding that an imprisonment for a contempt is a *servitude.*"

No such claim is made in the instant case.   It is not here argued, that mere imprisonment for contempt constitutes "involuntary servitude."   The objection is directed against

the judgment by which the contemner has been adjudged to imprisonment in the penitentiary at hard labor.

Imprisonment is not servitude.  Labor enforced as a punishment is "involuntary servitude."  If not, what is the involuntary servitude as a punishment for crime which the Constitution excepts from its otherwise sweeping prohibition?  The very language of the Constitution which prohibits involuntary servitude, and then excepts therefrom involuntary servitude imposed as a punishment for crime, demonstrates that, in the minds of the framers of that instrument, enforced labor as punishment for crime is such servitude, and that the exception was necessary to the continued right of legislatures and courts to impose it.  But we are not without judicial precedents for this holding.  In *State v. West*, 42 Minn. 147, 153, the court, speaking upon this subject, says:

1. CONSTITUTIONAL LAW: involuntary servitude: enforced labor as punishment for contempt.

"There is nothing better settled than that enforced labor is 'involuntary servitude' within the meaning of such constitutional provisions."

So, also, it has been said by the Supreme Court of the United States that, "Imprisonment at hard labor . . . is, in the strongest sense of the words, 'involuntary servitude for crime.'"  *Ex parte Wilson*, 114 U. S. 417.

This definition of the phrase being established—that imprisonment at hard labor by the judgment or sentence of a court is involuntary servitude within the meaning of the Constitution—it follows, of necessity, that the sentence pronounced upon the petitioner and the statutory provision which authorizes it are both invalid, unless we are able to say that such penalty was imposed as a punishment for crime.  This we cannot say without repudiating and overruling a long line of our precedents, extending from earliest history of this state to the present day, declaring contempt of court, in the disobeying of its decree, to be in the nature of, but not, a crime. See *Littleton v. Fritz*, 65 Iowa 488; *Martin v. Blattner*, 68

Iowa 286; *State v. Stevenson*, 104 Iowa 50; *Jones v. Mould*, 151 Iowa 599; *Eilenbecker v. District Court*, 10 Sup. Ct. Rep. 424.

That a party charged with contempt is not entitled to a trial by jury is founded on the fact that a contempt proceeding is not a prosecution for crime. Were it otherwise, and if the punishment to which he is so exposed were for an alleged crime, there would then come into activity that other constitutional provision guaranteeing him a trial by an impartial jury. It is true that a contempt proceeding partakes, in some degree, of a criminal character, in that it is punishable by fine or imprisonment, and in the further fact that, while its primary purpose is to protect the dignity and authority of the court, it doubtless also contemplates incidental benefit to the public in promoting general obedience to the law. The power to punish for contempt, though subject to regulation by statute, is inherent in every court of record and is essential to the efficient discharge of judicial functions and duties. Generally speaking, it is limited to the maintenance of order and decorum in court proceedings, to the enforcement of its writs and orders, and the punishment of acts done out of court tending to obstruct the due administration of justice. It is summary in character and may be exercised in aid or vindication of the authority of the court, in civil as well as criminal cases. It is entirely distinct from the power and jurisdiction of the court to entertain charges of crime against the laws of the state. A crime is an offense against the sovereignty of the state as expressed in its public laws, for which, upon conviction of the offender, something by way of punishment is imposed. A contempt is, primarily, an offense against the authority of a court having power to punish it. *Welch v. Barber*, 52 Conn. 147, 156; *Yates v. Lansing*, 9 Johns. (N. Y.), 395, 417; *Ex parte Robinson*, 86 U. S. 505; *Gibson v. Hutchinson*, 148 Iowa 139, 140. Under our practice, an appeal lies from a judgment of con-

2. CONTEMPT: nature and elements: crime and contempt contrasted.

viction upon charge of crime. There is no appeal from a conviction for contempt. Punishment for contempt is not a bar to indictment where the act of contempt is also an offense against the laws of the state. It is necessary to a valid conviction of crime that the judgment be entered by the court as such. A judge in vacation, under some circumstances at least, may assess punishment for contempt. *State v. Myers,* 44 Iowa 580. The authority of the state and of the court to condemn a man to imprisonment at hard labor (involuntary servitude) is constitutionally limited to punishment for "crime of which he has been duly convicted," and due conviction of crime can only be had when he has been found guilty by a jury, or has been given opportunity of securing a jury trial by appeal, or otherwise. And, even if we go beyond the established rule in this state and classify a prosecution for contempt as a criminal proceeding, it will still remain true that the petitioner in this case, though found guilty of contempt and subject to punishment therefor, has not thereby been convicted of crime and therefore is not, in such proceeding, liable to imprisonment at hard labor in the penitentiary. If the act constituting the alleged contempt is also a crime against the law of the state, as it here undoubtedly is, he may be indicted, convicted and punished therefor, but the court cannot assume his guilt of the crime as a reason for enhancing his punishment for contempt. In other words, he cannot, in a contempt proceeding, be punished for both the contempt and the crime.

Under the Constitution of the United States, no person can be held to answer for an infamous crime except upon indictment by a grand jury. This, it may be conceded, is not a limitation upon the authority of the states, and I call attention to it here, and to the interpretation placed thereon, for its bearing by way of analogy upon the proper interpretation of our state Constitution and statutes.

3. CONSTITUTIONAL LAW: infamous punishment: jury trial: contempt in violating injunction.

In *Ex parte Wilson,* 114 U. S. 417, the defendant had been

convicted upon information (and not upon indictment) of an offense punishable by imprisonment in the penitentiary, and the validity of the imprisonment was challenged in habeas corpus proceedings. The principal question considered was the proper definition and scope of the words, ''infamous crime,'' and as to what may properly be called an ''infamous punishment.'' After reviewing the authorities, it was held that ''a crime punishable by imprisonment by a term of years at hard labor is an infamous crime.'' In the course of its discussion, the court says: ''For more than a century, imprisonment in the penitentiary at hard labor has been considered an infamous punishment in England and America,'' and further quotes approvingly the following language of Chief Justice Shaw in *Jones v. Robbins,* 8 Gray (Mass.), 329:

''A sentence to the state prison, for any term of time, must be considered as falling within the meaning of infamous punishment. The convict is placed in a public place of punishment, common to the whole state, subject to solitary imprisonment, to have his hair cropped, to be clothed in conspicuous prison dress, subjected to hard labor without pay, to hard fare, coarse and meager food, and to severe discipline. . . . Besides, the state prison, for any term of time, is now substituted for all the ignominious punishments formerly in use; and, unless this is infamous, then there is no infamous punishment, other than capital.''

The authorities may be searched in vain for any precedent under our constitutional form of government holding it to be in the power of a state to clothe its courts with authority to visit infamous punishment upon any person for contempt, or in any proceeding whatever other than the orderly process of trial upon indictment or information. The authority to punish for contempt is, of course, quite indispensable to the orderly and efficient administration of justice, but the very fact that such authority is subject to no appeal, and its application is summary to a degree bordering on the arbitrary,

makes it very essential that it shall not be·enhanced to a point where our constitutional guaranties are lost sight of.

To recapitulate: A sentence to infamous punishment in the penitentiary at hard labor can be lawfully imposed, under our Constitution, only as punishment for crime of which the accused has been duly convicted; one is not duly convicted of crime except in a proceeding giving opportunity for a jury trial; a charge of contempt not being a charge of crime triable by jury, the court is without power or authority in such proceeding to penalize the contempt by imposing a sentence which is constitutionally restricted to cases of conviction for crime.

If, in this case, the annulment of the judgment against the petitioner would leave him free from punishment for his contempt, it might, in the minds of some, be an inducement to stretch the constitutional authority of the court to its limit to sustain the action of the court below. But no such condition exists. The right to punish for his contemptuous disregard of the injunction, as provided by Code Section 2407, is unaffected by the later statute upon which this penalty is founded. Moreover, the criminal statute is open to enforcement by the state, and we cannot assume that, if defendant is guilty as alleged, a jury will not so find, or that the court in such proceeding will not assess a proper punishment.

4. STATUTES: constitutionality: valid and invalid provisions intermingling: effect.

The wording of the act amending Section 2407 of the Code is as follows:

"Section 1. That section two thousand four hundred and seven (2407) of the Code be and same is hereby amended by inserting after the word 'shall' in the 10th line thereof the following 'for the first offense' and by adding thereto the following: 'A party who, having once been found guilty of contempt for violating the provisions of any such injunction, shall for each such subsequent violation be punished by a fine of not less than $500 or more than $1,000 or by imprisonment

in the state penitentiary or state reformatory at hard labor for not more than one year.' "

The parts of this amendment are só intimately connected that it is hardly conceivable that the legislature would have adopted one without the other. One purpose is manifested, and that is to enhance the severity of the punishment for violations subsequent to the first.

The conclusion, then, that the provision authorizing punishment upon conviction for contempt by sentence to the penitentiary is in conflict with the Constitution and · void, necessarily carries down the entire enactment, and Section 2407 of the Code is still in force, unmodified by this enactment. Our conclusion necessarily results in annulling the judgment announced by the district court, and an order that the plaintiff be returned thereto for such judgment as may be pronounced in harmony with the provisions of the above statute.—*Annulled.*

5. STATUTES: amendment: unconstitutional amendment: effect.

EVANS, C. J., DEEMER, LADD, GAYNOR and SALINGER, JJ., concur.

PRESTON, J., dissents.