D. T. BLODGETT, Appellant, v. GEORGE W. CLARKE et al., Appellees.

**OFFICERS:** Eligibility—Conviction of Infamous Crime.  One convicted of an infamous crime, i. e., one punishable by imprisonment in the penitentiary, is not a qualified elector (Article 2, Section 5, Constitution), and therefore not eligible. to an elective office created by the Constitution.

**JUDGMENT:** Conclusiveness—Conviction of Infamous Offense— Collateral Attack.  Disqualification as an elector because of having been convicted of an infamous offense is manifestly not removed by a collateral attack on the judgment of conviction not impeaching the jurisdiction of the court.  So *held* where such attack

alleged (a) that on the trial of the cause the court erroneously excluded certain evidence, and (b) that on the trial of such cause, and also on appeal, the court erroneously held that the plea of former conviction was not good.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

THURSDAY, SEPTEMBER 28, 1916.

REHEARING DENIED SATURDAY, SEPTEMBER 30, 1916.

THE plaintiff alleged in his petition that the defendants constituted the executive council, W. S. Allen being secretary of state; that, at the primary election on June 5, 1916, the electors voted to nominate four candidates for the office of judge of the Supreme Court; that the returns disclosed that the plaintiff received 14 votes more than any person voted for as candidate, other than H. E. Deemer, W. D. Evans and Wm. Theophilus; that, on July 13, 1916, plaintiff demanded in writing that the executive council certify to the number of votes received by plaintiff for said office, and that a certificate of nomination be issued by the secretary of state to the plaintiff as one of the candidates duly nominated; that the defendants refused said certificates, and he prayed that a peremptory order of mandamus be issued, commanding defendants to determine forthwith what person was selected as the fourth candidate, and to issue him a certificate of nomination accordingly. By way of amendment to the petition, the plaintiff alleged that he is a qualified elector and has never been convicted of an infamous crime; but that, by virtue of a void judgment, returned by the court without jurisdiction, plaintiff was illegally imprisoned in the penitentiary of Iowa for 3 years and 9 months, thereby serving an unlawful sentence of 5 years.

"That plaintiff was tried and acquitted upon an indictment charging him 'with intent to defraud' by one certain

use of one certain written instrument; that thereafter the same act of his mind (his one intention) was again charged to have been an 'intent to defraud,' and, by the fraudulent act of the presiding judge at the second trial of the one question of intent (the only question of fact litigated in both trials) the second jury was deceived by being deprived of an opportunity to examine certain letters that the honorable district court judge, William D. Evans, as presiding judge when plaintiff was acquitted, had decided to be competent, relevant and material evidence upon the question of intent, and the jury rendered a verdict of guilty, in accordance with the partial evidence by which they were by the oaths bound to be controlled; that the making of the written instrument and the uttering of it were each done by the plaintiff with the sole intention to use the written instrument as it was used, and which use was, by the first jury, legally and finally determined to have been a legal use of it; that the making and use of the written instrument was one inseparable, indivisible transaction, determined, by the first jury, to have been no crime; that the court did not have jurisdiction to try the same question of fact after the former acquittal, and the Honorable S. M. Weaver so decided in State v. Blodgett.''

The defendants demurred to the petition as amended, on several grounds, among them that he (plaintiff) did not become a candidate at the primary election, as exacted by the Code, and that he was ineligible to the office, because of having been convicted of an infamous crime. The demurrer was sustained and the petition dismissed. Plaintiff appeals.—
*Affirmed.*

*D. T. Blodgett, pro se.*

*George Cosson,* Attorney General, and *C. A. Robbins,* Assistant Attorney General, for appellees.

Per Curiam. To be eligible to an elective office created by the Constitution, a person must be a qualified elector. *State*

*v. Van Beek,* 87 Iowa 569. Section 5 of Article 2 of the Constitution of Iowa declares:

1. OFFICERS: eligibility: conviction of infamous crime.

"No . . . person convicted of any infamous crime shall be entitled to the privilege of an elector."

Any crime punishable by imprisonment in the penitentiary is an "infamous crime." *Flannagan v. Jepson,* 177 Iowa 393. As the punishment prescribed by statute for forgery is confinement in the penitentiary not more than 10 years, the offense is infamous. Section 4853, Code.

In amendment to the petition, plaintiff alleged himself to be a qualified elector, and that he had never been convicted of an infamous crime, but explained this averment of conclusion by saying that, under a void

2. JUDGMENT: conclusiveness: conviction of infamous offense: collateral attack.

judgment rendered by a court without jurisdiction, he had been imprisoned in the penitentiary 3 years and 9 months, in serving a sentence of 5 years, and that the invalidity therein consisted in having convicted him of an offense of which he had previously been acquitted, and in having excluded certain letters which had been admitted in evidence in the former trial. Neither of these objections goes to the jurisdiction of the court or the validity of the judgment of conviction entered. The case is identified in the pleading as that of *State v. Blodgett,* 143 Iowa 578, the opinion in which discloses that the plea of former adjudication was held not to be good, and his conviction of the offense of forgery affirmed. Manifestly, the facts pleaded in avoidance thereof are insufficient to justify disregarding the judgment as having been entered without jurisdiction, or even erroneously.

That decision is conclusive on the question of the legality of the plaintiff's conviction of an infamous crime, and, under the section of the Constitution quoted, we have no option to do otherwise than declare him not entitled to the privilege of an elector, and, therefore, ineligible as a candidate for the

office of judge of the Supreme Court of this state.   This being so, he is not in a situation to raise other questions argued.— *Affirmed.*

LADD, WEAVER, GAYNOR, PRESTON and SALINGER, JJ., concur.

EVANS, C. J., and DEEMER, J., take no part.