### THE STATE OF CONNECTICUT *vs.* GERALD A. RICHARDSON.

Third Judicial District, Bridgeport, April Term, 1928.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued April 11th—decided June 18th, 1928.

*John B. Dillon* and *William F. D. Kilpatrick*, for the appellant (the accused).

*Lorin W. Willis*, Prosecuting Attorney, for the appellee (the State).

PER CURIAM.  The defendant has appealed from his conviction for practicing medicine without a license. He had been a licensed practitioner previous to January, 1924, when his license was revoked by the State Department of Health, acting in accordance with the

provisions of §2859 of the General Statutes, Revision of 1918, then in force. This action of the State Department of Health was taken without notice to him and without hearing, the statute containing no requirement as to either. Thereafter the defendant, acting under the provisions of §2860 of the General Statutes, appealed to the Superior Court where, after a hearing duly had, his appeal was dismissed. From that decision he again appealed to this court. Three other appeals by persons whose licenses to practice medicine had been revoked under similar circumstances were then pending before this court and it was stipulated by all parties to the appeals that only one should be argued and the decision upon that appeal should be determinative of the others. Accordingly the case of *Brein* v. *Connecticut Eclectic Examining Board*, 103 Conn. 65, 130 Atl. 289, was presented to the court and the action of the Superior Court in dismissing the appeal from the revocation of the appellant's license was sustained. In that appeal the same questions were presented that the defendant now seeks to bring before us. In accordance with the stipulation filed a like judgment was entered in this defendant's appeal. The revocation of his license by the department of health and the subsequent proceedings terminated in a judgment which was in effect one *in rem* and established his status as one not entitled to practice medicine in the State of Connecticut. It is not open to him in this action to relitigate the matter so decided. *Commonwealth* v. *Shaman*, 223 Mass. 62, 111 N. E. 720; *In re Gottesfeld*, 245 Pa. St. 314, 316, 91 Atl. 494; *Blodgett* v. *Clarke*, 177 Iowa, 575, 578, 159 N. W. 243; *Castrique* v. *Imrie*, L. R. 4 H. L. 414, 429, 434; 3 Freeman on Judgments (5th Ed.) § 1534.

There is no error.