## A. D. CHAPMAN *v.* THE STATE.

### (*Nashville.*   December  Term,  1928.)

Opinion filed April 13, 1929.

N. L. FREEMON, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The plaintiff in error was found guilty of willfully and without good cause neglecting and failing to provide for his wife, etc., and was ordered by the court to pay for that purpose the sum of $25 per month. He has appealed in error to this court.

The plaintiff in error, at the time of his marriage, was a young man about twenty-three years of age. The girl he married, Hazel Hendrix, was about nineteen years of age. During the scholastic year 1925-1926, he was the principal of a public school in Lawrence County. She was one of the teachers. He began paying her attentions in November, 1925, and by Christmas of that year the relations between the two had reached a point of undue intimacy.

By March, 1926, it became apparent to the young woman that she was in a delicate condition and at her demand the plaintiff in error married her in May, 1926. They lived together until September, 1926, when he abandoned her, and has made no contribution to her support since that time. A child was born November 8, 1926.

The plaintiff in error admits improper conduct with the girl from and after December, 1925, until the time of their marriage. He testified that he believed, and was assured by her, that he was the only man that had enjoyed the favors of the young woman. He said that, regarding himself as responsible for her condition, he mar-

ried her accordingly. His contention was that, after his marriage, he learned that she had been guilty of loose conduct with other boys prior to his association with her. For this reason, because he claimed to have been deceived by her as to her previous character, he left her and refused to contribute to her support. He stated that before the separation she admitted to him that she had misbehaved with other young men.

The wife denied any improper conduct with any other man and testified that, except for her relations with the plaintiff in error, her life and been entirely virtuous.

There was no suggestion on the trial of any improper conduct on the part of the young woman after the marriage—no suggestion that she did not deport herself in every way as a wife should have done.

We find no merit in the defense. The statute under which these proceedings were had is section 1 of chapter 125 of the Acts of 1915, Thompson's-Shannon's Code, Section 4249a-1, as follows:

██ "It is declared to be a misdemeanor for any husband to willfully and without good cause, neglect or fail to provide for his wife according to his means, or leave her destitute, or in danger of becoming a public charge."

Given a lawful marriage, the existence of the relation of husband and wife, it is the duty of the husband to support his wife according to his means and a misdemeanor for him to neglect and fail in this duty "willfully and without good cause."

This statute was enacted, as its language shows, for the benefit of the public, to prevent the wife from becoming a public charge, as well as for the benefit of the wife. *State* v. *Latham,* 136 Tenn., 30.

■ We see no basis for an argument that a case should be taken out of the statute because of misconduct of the wife previous to the marriage. Evidence of her previous misconduct might very well have been excluded, as the Massachusetts Court did in a prosecution under a similar statute. *Commonwealth* v. *Shaman,* 223 Mass., 62.

While this husband insists that his wife confessed indiscretions previous to his association with her, out of his own mouth he admits he continued to cohabit with her after the alleged confession, which confession she denies. Under such conditions we hardly see how he is entitled to any consideration. The child, as we have noted, was born November 8, 1926. Under all the proof, the young woman was not keeping company with any other man at the time her child, in the nature of things, must have been begotten. According to this record, plaintiff in error is undoubtedly the father of the child. Affirmed and remanded.