BOARD OF DENTAL EXAMINERS *v.* O. R. HEDRICK

(No. 8048)

Submitted April 16, 1935. Decided April 30, 1935.

*U. S. Albertson* and *R. P. Flournoy,* for appellant.
*Charles F. Gore,* for appellee.

HATCHER, JUDGE:

This proceeding involves the revocation of defendant's license to practice dentistry in this state by the Board of Dental Examiners, under Code, 30-1-8. The order of revocation was promptly appealed to the circuit court under Code, 30-1-9. That court set aside the order conditionally, on the ground that personal service of the hearing before the Board was not had on defendant. The condition was that the defendant should appear before the Board (on a day fixed by the court) and defend the charges against him; otherwise, the

order of revocation should stand. The defendant appealed to this Court, and the Board assigns cross-error.

This proceeding is, in effect, one *in rem. State* v. *Richardson,* 108 Conn. 45, 142 A. 406; Freeman on Judgments, (5th Ed.), sec. 1534; 1 C. J., subject Actions, sec. 171; 1 R. C. L., *idem,* sec. 13. The defendant resided in Ohio. Personal service on a non-resident is not requisite to jurisdiction in an *in rem* proceeding. *Dulin* v. *McCaw,* 39 W. Va. 721, 727, 20 S. E. 681; 21 R. C. L., subject Process, sec. 11. Code, 30-1-8, provides that notice shall be served on a defendant in such cases as a notice is served under Code, 56-2-1. The latter statute relates to personal service. Code, 56-2-2, provides, however, that "any such notice" (i.e., a notice referred to in 56-2-1) to a person not residing in this state, may be served by publication, etc. The two statutes being read together specifically authorize the service of notice on the defendant herein by publication. Therefore the ground of the ruling of the circuit court is not well founded.

The record certified to us by the clerk of the circuit court contains no notice of any kind to the defendant. He contends that for lack of notice this proceeding is void *ab initio.* The Board has attempted to supplement the record here by a paper which its secretary certifies was inadvertently omitted from the record transmitted to the circuit court. We can treat the supplement only as a fugitive paper. We must judge the case on the record before the circuit court. However, that record does contain a recital that the hearing before the Board was had "at the time and place appointed in the notice." The recital does not show to whom, or the manner in which that notice was given. The statute under which the Board was proceeding requires that notice "of the time and place of hearing" be given defendant. The natural presumption arises that the notice referred to in the recital is the notice required by the statute. Since the members of the Board are public officers, the natural presumption is aided by a legal presumption of their performance of duty. *State* v. *Clark,* 288 Mo. 659, 232 S. W. 1031. The circuit court has found specifically that no personal service was had on him. If the recital does refer to a notice to him, that notice is

necessarily by publication. If adequate notice of the hearing was given the defendant by publication, the proceeding is regular. We know from the record that a notice was given someone, presumptively him. The Board is not a judicial tribunal and the hearing before it is not a law suit. Technical rules of procedure are inapplicable to its proceedings. *State ex rel.* v. *Board*, 325 Mo. 41, 26 S. W. (2d) 773; *Hanson* v. *Board*, 253 Mich. 601, 236 N. W. 225; *Meffert* v. *Med. Board*, 66 Kan. 710, 72 P. 247. Therefore, we do not feel warranted in dismissing this proceeding as defendant would have us do. The ends of justice will be better met by returning the case to the circuit court that the Board may have opportunity to supply the notice referred to in the recital, if that notice is the one required by statute. We are not without precedent for this course even under the strict rules of common law procedure. In 1819 the Supreme Court of Virginia reversed a law action in order that a missing writ might be supplied. The court said it knew judicially that such a writ existed, and as the writ had been omitted by mistake or other cause, the omission ought to be corrected for "the sake of justice." *Taliaferro* v. *Gatewood*, 6 Munf. 320. Recent decisions of this Court exhibit the same liberality in regards to omitted evidence. *Laas* v. *Lubic*, 101 W. Va. 546, 133 S. E. 142; *Goff* v. *Imperial Co.*, 108 W. Va. 302, 150 S. E. 733; *Campbell* v. *C. & O. Ry. Co.*, 111 W. Va. 358, 163 S. E. 31.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*