PHILLIPS v. CARROLL COUNTY *et al.*

(*Jackson,* April Term, 1946.)

Opinion filed May 4, 1946.

MADDOX, MADDOX & LASSITER of Huntingdon, for appellant.

R. M. MURRAY, of Huntingdon, for appellees.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The bill in this cause was filed in the Chancery Court of Carroll County by Mrs. Dora Phillips on July 14, 1926, on

behalf of herself and her two minor children, to recover of Carroll County, the county judge, and the county trustee the sum of $500 turned over to and collected by the county as a forefeiture on the bond of Willie Phillips, husband of the complainant and father of the minor children, and paid into court by his bondsmen.

Phillips was arrested on August 31, 1923, on a charge of wife and child desertion, leaving them without means of support and about to become a public charge on the county. He was tried before the county judge who required that he make a bond for his appearance at the next term of the circuit court, which he did, in the sum of $500.

At the October term, 1923, of the circuit court Phillips was indicted on the charge of deserting his wife, leaving her without any means of support and about to become a public charge on the county. Under said indictment he was required to and did execute a bond in the sum of $500 for his appearance before the court with three sureties thereon. Phillips failed to appear and answer said offense, whereupon he was called out, together with his bondsmen, and a conditional judgment taken thereon against him and his sureties. Thereafter scire facias issued to said bondsmen, and later a final judgment was taken against said sureties, who thereupon paid the $500 as provided by the bond into court, which went into the hands of the county judge and was by him transferred to the county trustee, and went into the general county funds.

The cause was heard by the chancellor on August 7, 1945, on a stipulation of facts, and a decree was entered dismissing complainant's bill and taxing her with the cost.

The complainant insists upon this appeal that she is entitled to recover on the ground that the bond in reality was made for the benefit of herself and children.

Section 11370 of Williams' Code makes it a misdemeanor for a husband to willfully and without good cause neglect or fail to provide for his wife according to his means.

Section 11371 provides for the complaint and arrest of the husband.

Section 11372 provides that the court may fix a bond for the payment of one year's support for the wife.

Section 11373 provides that if the defendant pleads not guilty, he is to be bound over to the circuit court.

Section 11374 provides that if the defendant pleads guilty, the court is to determine the amount to be paid by the defendant for the support of his wife, and upon the execution of a bond for the support of his wife, he is to be released.

In the case of *Smith* v. *State,* 156 Tenn. 599, 600, 4 S. W. (2d) 351, the seventh syllabus reads as follows: "The primary and more immediate object of the statute which makes it a misdemeanor for the husband to fail to support his wife is to deter husbands from leaving their wives to endure privations and to compel contributions by them in furnishing necessities, while the secondary purpose is to protect society against the necessity of having to support a deserted and dependent wife as a charge on the public."

In *Chapman* v. *State,* 159 Tenn. 6, 15 S. W. (2d) 744, it was held that the statute in question was enacted for the benefit of the public as well as for the benefit of the wife.

It is insisted here that since the statute was enacted primarily for the benefit of the wife, complainant is entitled to recover the amount of the bond. As before

stated, the amount of the bond is now in the possession of the trustee of Carroll County.

Section 11798 of Williams' Code provides: "All fines and forfeitures in state cases, when the indictment is for a felony, go to the state, and, in all other cases, to the county in which the indictment was found."

The record shows that Phillips was indicted for a misdemeanor and required to give bond. We are of opinion that the above-quoted section of the code controls and the money was properly paid over to the trustee. We have no statute authorizing the payment to complainant, and without such a statute, this court is powerless to grant the relief sought.

The decree of the chancellor is affirmed.

CHAMBLISS, J., not participating.