914 F.2d 1490
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Oliver H. CLAYPOOL, Jr., as next friend for Oliver J.
Claypool, Christine O. Claypool, and Robert L.
Claypool, Plaintiff-Appellee,
v.
Flora B. BOYD, Individually and as Warden, Stevenson
Correctional Institution; WILLIAM D. LEEKE,
Individually and as Commissioner, South
Carolina Department of
Corrections,
Defendants-
Appellants,
and
Patricia M. Ferguson; David H. Maring, Sr., Individually
and as Chief Judge of the Family Court, 15th Judicial
Circuit of South Carolina; David N. Wilburn, Individually
and as Presiding Judge of the Family Court, 15th Judicial
Circuit of South Carolina; Richard W. Riley, Individually
and as Governor of the State of South Carolina; Elizabeth
J. Claypool, Defendants.
 No. 90-1437.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 18, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (C/A No. 86-1317-3-OA).
 William Henry Davidson, II, David Leon Morrison, Nauful & Ellis, P.A., Columbia, S.C., for appellants.
 Oliver H. Claypool, Jr., appellee pro se.
 D.S.C.
 VACATED AND REMANDED.
 Before K.K. HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Oliver claypool filed a 42 U.S.C. Sec. 1983 complaint naming, among others, Flora B. Boyd, Warden of the Stevenson Correctional Institution, and William D. Leeke, former Commissioner of the South Carolina Department of Corrections, as defendants. Boyd and Leeke appeal the district court's order denying their claim of qualified immunity. They are being sued in their individual and official capacities.
 
 
 2
 This dispute began as a child custody battle in Michigan between Oliver Claypool and his ex-wife. The Claypools were awarded joint custody of their three children. Mr. Claypool, who has stated that he believed that his ex-wife was neglecting and abusing the children, took them to South Carolina without court consent. The mother then obtained a court order in Michigan granting her sole custody. When Claypool and the children were finally discovered in South Carolina, the court ordered that custody was with the mother and ordered Claypool to resume paying child support. When he did not pay, Claypool was arrested. After a hearing, Claypool was found to be in contempt and he was sentenced to 150 days imprisonment. He could purge himself of contempt, however, by paying the child support he owed, a $1,500 fine to the county clerk, and posting a $2,500 cash bond with the county to assure that future payments would be made on time. The contempt finding was later reversed by the South Carolina Supreme Court.
 
 
 3
 Claypool claims that while in prison he was forced to work in violation of the thirteenth amendment. He was required to work, at various times, in the kitchen, the laundry, and the book depository. Claypool claims that he was imprisoned for civil contempt and therefore could not be forced to work at prison jobs.
 
 
 4
 The district court concluded that genuine issues of material fact were still in dispute between Claypool and Boyd and Leeke so that summary judgment was not appropriate. The defendants claim qualified immunity to suit, which is an entitlement not to stand trial under certain circumstances. Because of policies underlying qualified immunity, the district court's denial of summary judgment is an immediately appealable order. See Mitchell v. Forsyth, 472 U.S. 511 (1985) (district court's denial of qualified immunity claim is appealable order notwithstanding the absence of a final judgment).
 
 
 5
 Leeke and Boyd are entitled to qualified immunity to damage suits if they can show that their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. See Anderson v. Creighton, 483 U.S. 635 (1987); see also Harlow v. Fitzgerald, 457 U.S. 800, 818-19 (1982). Assuming that Claypool is correct in stating that he was imprisoned for civil contempt,* Boyd and Leeke can be held liable only if the law was clearly established that persons imprisoned for civil contempt cannot be forced to work.
 
 
 6
 Claypool alleges that the thirteenth amendment clearly establishes that he should not be forced to work while imprisoned for civil contempt. However, Claypool is able to cite only one case which supports this interpretation. In Flananagan v. Jepson, 177 Iowa 393, 158 N.W. 641 (1916), the court held that a prisoner can be forced to perform hard labor only if he has been convicted of a crime. Therefore, the plaintiff, who was held in contempt of court for violating an injunction, was unconstitutionally sentenced to hard labor.
 
 
 7
 This lone, antiquated opinion from another jurisdiction does not clearly establish the law in this area. Moreover, Flanagan is further attenuated by the admonition of the Eighth Circuit that "compelling prison inmates to work does not contravene the Thirteenth Amendment." Ray, 556 F.2d at 882. Therefore, under Harlow, the defendants are entitled to qualified immunity. Additionally, the eleventh amendment bars suits seeking damages against these defendants sued in their official capacities absent waiver by the state. See Edelman v. Jordan, 415 U.S. 651 (1974). Because Claypool is no longer in prison, injunctive and declaratory relief is not appropriate. See Papasan v. Allain, 478 U.S. 265 (1986) (injunctive or declaratory relief available against official only where ongoing violation of federal law exists).
 
 
 8
 Accordingly, we vacate the order of the district court denying Leeke and Boyd's qualified immunity defense and remand for action consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 It is unclear whether Claypool was imprisoned for civil or criminal contempt. If Claypool was imprisoned for a crime then he is not entitled to the protections of the thirteenth amendment. See Ray v. Mabry, 556 F.2d 881, 882 (8th Cir.1977) (compelling prisoners to work does not contravene the thirteenth amendment)