WIGGINS, Justice
(dissenting).
I respectfully dissent. The plurality is rewriting nearly one hundred years of caselaw. I do not think we should do so at this time.
Our constitution sets the qualifications of electors as follows:
Every citizen of the United States of the age of twenty-one years,[8] who shall have been a resident of this state for such period of time as shall be provided by law and of the county in which he claims his vote for such period of time as shall be provided by law, shall be entitled to vote at all elections which are now or hereafter may be authorized by law. The general assembly may provide by law for different periods of residence in order to vote for various officers or in order to vote in various elections. The required periods of residence shall not exceed six months in this state and sixty days in the county.
Iowa Const, art. II, § 1.
After giving certain persons the right to vote, the constitution disqualifies certain persons from voting. Id. art. II, § 5. It provides “a person convicted of any infamous crime shall not be entitled to the privilege of an elector.” Id.
We have consistently defined “infamous crime” under our constitution as a crime for which the legislature fixed the maximum punishment as confinement in prison. State ex rel. Dean v. Haubrich, 248 Iowa 978, 980, 83 N.W.2d 451, 452 (1957); Blodgett v. Clarke, 177 Iowa 575, 578, 159 N.W. *864 243, 244 (1916) (per curiam); Flannagan v. Jepson, 177 Iowa 393, 400, 158 N.W. 641, 643 (1916). When the legislature adopted the legislative scheme to have three classes of misdemeanors in Iowa Code section 701.8, see 1976 Iowa Acts ch. 1245, § 108 (codified at Iowa Code § 701.8 (1979)), it knew the constitutional definition of “infamous crime” was any crime for which the legislature fixed the maximum punishment as confinement in prison. Thus, by conscious choice, the legislature made an aggravated misdemeanor an infamous crime.
Eliminating our bright-line rule is not only unnecessary, but also dangerous. Now, we can no longer look to the crime’s penalty to determine who can vote and who cannot vote. Rather, we now apply certain factors to make that determination. The plurality’s approach does little to settle the law. I say this for a number of reasons.
First, I agree with the plurality that the legislature cannot write a constitutional definition of “infamous crime” by its enactment of Iowa Code section 39.3(8) (2013).[9] The legislature cannot disqualify a voter by defining “infamous crime” under our constitutional scheme because the constitution defines who is and who is not an eligible elector. See Coggeshall v. City of Des Moines, 138 Iowa 730, 744, 117 N.W. 309, 314 (1908) (invalidating an election where the City of Des Moines did not allow women to vote). However, the plurality implies section 39.3(8) is a factor we should consider to determine if a crime is an infamous crime and relies heavily upon this factor to reach its conclusion in this case. The plurality should not use the legislature’s pronouncement in section 39.3(8) to control our constitutional duty to interpret the Iowa Constitution.[10]
Second, the factors enumerated by the plurality are so imprecise that a citizen of this state who has committed a crime has no idea as to whether he or she is eligible to vote. Under the plurality’s factor analysis, some persons convicted of a felony may be able vote, while some persons convicted of a misdemeanor may not be able to vote. The plurality’s factor analysis adds considerable uncertainty as to who can and who cannot vote. Is a person with a conviction for operating while intoxicated third, a felony, disqualified to vote? On the other end of the spectrum, is a person •with a conviction for aggravated misde *865 meanor theft[11] disqualified to vote? This uncertainty will keep many qualified voters from the polls for fear of prosecution for voter fraud.
Finally, our election officials will have the same problems as our citizens in determining who can and cannot vote. This uncertainty will lead to greater election day problems and the casting of an inordinate amount of provisional ballots. See Iowa Code § 49.81 (providing for the casting of provisional ballots).
For these reasons, I see no reason why at this time we should redefine the term “infamous crimes.” Today I fear we are abandoning a seaworthy vessel of precedent to swim into dangerous and uncharted waters.

. Amendment XXVI to the United States Constitution lowered the voting age applicable to the states to eighteen years of age. U.S. Const, amend. XXVI.

. The legislature defines "infamous crime” as "a felony as defined in section 701.7, or an offense classified as a felony under federal law.” Iowa Code § 39.3(8) (2013).

. It also can be argued the 2008 amendment amending article II, section 5 considered the legislature's definition of "infamous crime” when the amendment passed. However, I think it is doubtful because the crux of the 2008 amendment was to replace the words "no idiot, or insane person" with "a person adjudged mentally incompetent.” Compare Iowa Const, art. II, § 5 (1857), with Iowa Const, art. II, § 5 (amended 2008). I believe the explanation to the house joint resolution confirms my doubts. When the committee on state government introduced the proposed amendment the explanation provided in relevant part:
This joint resolution proposes an amendment to the Constitution of the State of Iowa relating to persons who are disqualified from voting or holding elective office. The resolution removes the words "idiot” and "insane” from the constitutional provision and substitutes the phrase "mentally incompetent to vote.”
H.J. Res. 5, 81st G.A., 2nd sess. (2006).
There is no indication in the official legislative history that the legislature considered the clause of article II, section 5 dealing with infamous crimes when it proposed the amendment. See City of Cedar Rapids v. James Props., Inc., 701 N.W.2d 673, 677 (Iowa 2005) ("We give weight to explanations attached to bills as indications of legislative intent.”).

. A person who steals property valued at $1000 commits an aggravated misdemeanor while a person who steals property valued at $1001 commits a felony. Iowa Code § 714.2(2) — (3).